UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEAL PRESTON,<br><br>    Plaintiff, on behalf of himself and a class of similarly situated individuals,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | 1:18-cv-01532<br><br>Honorable Judge Sara L. Ellis |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the Parties jointly submit the following Initial Status Report.

**1.  The Nature of the Case**

  **A.  Parties:**

| For Plaintiff | For Defendant |
|---|---|
| James C. Vlahakis (Lead) | David M. Schultz (Lead) |
| Ahmad T. Sulaiman | Jennifer Weller |
| Omar T. Sulaiman | Hinshaw and Culberston, LLP |
| Mohammed Omar Badwan | 222 N. LaSalle Suite 300 |
| Sulaiman Law Group, Ltd. | Chicago, IL 60601 |
| 2500 South Highland Avenue, Suite 200 | 312-704-3000 |
| Lombard, Illinois 60148 | dschultz@hinshawlaw.com |
| 630-575-8181 | jweller@hinshawlaw.com |
| jvlahakis@sulaimanlaw.com | |

  **B.  Claims asserted:**  Plaintiff brings this civil action on behalf of a putative class claiming that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), when it sent a letter in an envelope to Plaintiff. She claims the use of the words "TIME SENSITIVE DOCUMENT" on the envelope violates Section 1692f(8).  In addition she alleges that the discount program offered in the letter violates Section 1692e and 1692f because the she contends that the phrase "Act Now" creates

1

an alleged false sense of urgency. Plaintiff also contends that the letter does not explain how being "pre-approved for a discount program" and making one of the discounted payment options will impact the remainder of the debt. Defendant denies that it violated the FDCPA and denies that Plaintiff has stated a claim under the Act. Defendant also asserts that Plaintiff's claims may be subject to an arbitration agreement in his cardholder agreement. Plaintiff disputes Defendant can enforce the subject arbitration agreement.

      **C.**    **Major legal issues:** Whether the collection letter or envelope violates the FDCPA, whether Plaintiff is required to arbitration his claims and whether Plaintiff can satisfy the requirements of Rule 23.

      **D.**    **Relief sought:** Plaintiff seeks statutory damages as provided under the FDCPA, 15 U.S.C. §1692k(a)(2)(A), declaratory and injunctive relief, and recoverable costs and reasonable attorney fees as authorized by Section 1692k(a)(3) of the FDCPA. Defendant denies Plaintiff is entitled the the damages sought and intends to seek dismissal of Plaintiff's claims.

**2.**    **Jurisdiction:** Plaintiff contends that the court has subject matter jurisdiction pursuant to 47 U.S.C §227, 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Defendant states that arbitration may be the appropriate forum for Plaintiff's claims.

**3.**    **Status of Service** Defendant has been served and is represented by counsel.

**4.**    **Consent to Proceed Before a United States Magistrate Judge** Parties have advised their respective Clients about the ability to proceed before a Magistrate Judge. The Parties do not consent.

**5.**    **Motions** There no pending motions before the Court.

      **A.**    The parties MIDP responses are due June 4, 2018.

**B.     Discovery Plan**

1. The Parties anticipate discovery as to the requirements of Rule 23 and the measure of alleged damages pursuant to Section 1692k.

2. This case is not exempt from MIDP.

***Defendant will be requesting a stay of discovery in light of its anticipated motion to dismiss. Accordingly, the following is <u>Plaintiff's Proposed Discovery Schedule</u>.***

3. The Parties will issue written discovery on or after June 4, 2018.

4. Fact discovery completed by July 27, 2018.

5. Plaintiff to issue expert report(s) 28 days after the proposed close of fact discovery – August 27, 2018; Defendant to issue expert report(s) 28 days thereafter – September 27, 2018; Plaintiff's rebuttal report(s) if any – 21 days after the service of Defendants' report(s); and depositions completed by November 8, 2018.

6. Final Supplement MIDP responses by July 13, 2018.

7. If no expert discovery is undertaken, dispositive motions by August 27, 2018. If discovery is undertaken, dispositive motions by December 21, 2018.

**C.     Trial**

1. Plaintiff has demanded a jury trial.

2. Two days inclusive of jury selection.

**7.     Status of Settlement Discussion**

A. Plaintiff recently made a demand.

B. Not applicable at this time.

C. Plaintiff desires a settlement conference. Defendant does not request a settlement conference at this time.

Dated: April 26, 2018

On behalf of Plaintiff and a class of similarly situated individuals

On behalf of Defendant

/s/ James C. Vlahakis
James C. Vlahakis

/s/ Jennifer Weller
Jennifer Weller