**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEAL PRESTON, individually and on behalf of a nationwide class of similarly situated individuals,<br><br>    Plaintiff,<br><br>        v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant. | Case no. 18-cv-1532<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Young B. Kim<br><br>JURY TRIAL DEMANDED |

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff, NEAL PRESTON, by and through his attorney, James C. Vlahakis, submits the brings the following as his Response in Opposition to Defendant MIDLAND CREDIT MANAGEMENT, INC.'s Motion to Dismiss brought pursuant to FRCP 12(b)(6):

## I. **INTRODUCTION**

This is putative class action filed pursuant the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, et seq. The facts are not disputed, nor can they be in the context of a motion to dismiss. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a debt collector as defined by the FDPCA. On July 19, 2017, MCM sent Plaintiff a debt collection letter enclosed in an envelope which contained the phrase "**TIME SENSITIVE DOCUMENT**" in large, bolded font. The letter listed three payment options. As discussed below, MCM's use of the phrase words "**TIME SENSITIVE DOCUMENT**" in large, bolded font on the front of the envelope violates Section 1692f(8) of the FDCP which prohibits the usage of extraneous words on the envelopes of debt collection letters. The phrase "**TIME SENSITIVE DOCUMENT**" also violates Section1692e(2)(a) because printing the envelope in this manner falsely

1

represents that the "legal status" and "character" of the subject debt is time-sensitive. The envelope also violates Section 1692e(10) which specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt." The phrase "**TIME SENSITIVE DOCUMENT**" in large, bolded font violates Section 1692e(10) because printing the envelope to imply that the subject debt is time-sensitive is a "false representation or deceptive means to collect or attempt to collect any debt."

Plaintiff also claims that the content of the letter violates Sections 1692e(2)(a) and 1692e(10) because through the wording and formatting of the collection letter, MCM tried to create a false sense of urgency when Plaintiff had a month to respond to the proposed payment options.

## II. <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The FDCPA should be strictly construed. *See, e.g., Boucher v. Fin. Sys. Of Green Bay*, 880 F.3d 362, 370 (7th Cir. 2018) ("judicial interpretations cannot override the statute itself."). As a general matter, Debt collectors must comply with the prohibitions of the FDCPA, and not simply rely on judicial interpretations of the FDCPA. *Id.* at 371 ("Although the safe harbor was offered in an attempt both to bring predictability to this area and to conserve judicial resources, it is compliance with the statute, not our

suggested language, that counts.", quoting *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 680 (7th Cir. 2007). The Seventh Circuit has cautioned debt collectors to avoid including ambiguous language in debt collection letters. "When language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012). "[D]ebt collectors cannot immunize themselves from FDCPA liability by blindly copying and pasting . . . language without regard for whether that language is accurate under the circumstances. *Boucher*, 880 F.3d at 372.

There is no heightened pleading standard applicable to FDCPA claims. *See, e.g., Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) ("As a general matter, we view the confusing nature of a dunning letter as a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion.") (internal citation omitted). *See also, McMillan v. Collection Prof'ls., Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because 'district judges are not good proxies for the "unsophisticated consumer" whose interest the statute protects.'").

### III.  ARGUMENT

#### A. The Use of "TIME SENSITIVE DOCUMENT" Violates Section 1692f(8)

The subject debt collection letter was sent in an envelope which contained the words "**TIME SENSITIVE DOCUMENT**" in large, bolded font. Plaintiff alleges that the language and formatting of the letter violates Sections 1692f(8), 1692e(2)(a) and 1692e(10). MCM's Motion to Dismiss only addresses whether these allegations support a violation of Section 1692f(8). Accordingly, MCM has waived any arguments as to whether the above language violates Sections 1692e(2)(a) and 1692e(10).

3

Section 1692f(8) contains a straightforward prohibition – it is unfair and/or unconscionable to use "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer . . . except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." Congress did not right *any* other exceptions into Section 1692f(8). Section 1692f(8) is clear as day. And the envelope's usage of the phrase "**TIME SENSITIVE DOCUMENT**" in large, bolded font is a purposeful violation of the clear language of Section 1692f(8).

MCM primarily argues on cases outside of this jurisdiction which have incorrectly created judicial exceptions to the clear mandate of Section 1692f(8). Dkt. 20, pp. 4-5. To be clear, MCM is asking this Court to ignore the clear prohibitions established by Congress by applying a "benign language" exception. *Id. This is a very slippery slope.*

This is a slippery slope because as with all collection letters, someone employed by, hired by or affiliated with MCM purposefully chose to include these words. Someone also chose the formatting and font style - all caps and bolded. Collection letters are formatted and drafted for two purposes and not always in the proper order: (1) to lead to improved collection outcomes and (2) to comply with the FDCPA. A conflict between these two purposes is one of the reasons that the FDCPA was enacted.

In 1977, Congress enacted the FDCPA, citing "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress recognized that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Specifically, Congress found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. § 1692(b). That being the case, judicial exceptions such

as MCM's "benign language" exception to Section 1692f(8) run contrary to the stated purpose of the FDCPA. In enacting the FDCPA, Congress did not ban debt collection activities. Rather, Congress recognized that debt collectors who operate within the law are free to go about their business. According to Congress, "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c). Notably, Congress stated that the purpose of the FDCPA was to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress could not have been clearer.

MCM, however, seeks to undermine the clear prohibitions of Section 1692(e)(8) through *judicial permission*. MCM's Motion to Dismiss cites to a handful of cases, none of which are on point. This case is about words – not so-called "benign or innocuous" alphanumeric strings that have resulted in the handful of decisions cited on pages five and six of MCM's Motion. Judge Shadur was absolutely correct in *Sampson v. MRS BPO, LLC,* 117 F.SUpp.3d 1032, 1033 (N.D. Ill. Mar. 17, 2015) to reject a debtor's argument that nobody has the power to divine the meaning of a string of numbers on an envelope. And that is especially true where no intention or purpose can be gleaned from the inclusion of alphanumeric symbols. But here, as discussed further below, words have a meaning and a purpose. Moreover, none of the cases cited by MCM serve to green light what MCM has done here – emblazon the envelope of a debt collection letter with the phrase "**TIME SENSITIVE DOCUMENT**" in large, bolded font. Without clear precedent authorizing this language, MCM has charted a course into uncharted waters. Since the language of Section 1692(e)(8) prohibits the use "any language or

5

symbol, other than the debt collector's address, on any envelope when communicating with a consumer . . .", MCM is required to point to legal authority which specifically authorizes the extraneous language that it has used.

MCM's Motion to Dismiss heavily relies Eighth Circuit's decision in *Strand v. Diversified Collection*, 380 F.3d 316 (8th Cir. 2004) and the Fifth Circuit's ruling in *Goswami v. Am. Collections, Enter.*, 377 F/3d 488 (5th Cir. 2004). Dkt. 20, pp. 5-6. *Strand* sanctioned the use of the phrases "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" and *Goswami* sanctioned the use of a "priority letter." Both cases are distinguishable for the simple reason that both cases veer sharply from well-established Seventh Circuit law which strives to avoid broad, judicially created exceptions to the FDCPA. *See* authorities cited in the Standard of Review Section of this Response. Again, the language of Section 1692(e)(8) does not insulate extraneous language simply because the language does not identify the letter as coming from a debt collector. The only exception to liability under Section 1692(e)(8) is that Congress has stated that "a debt collector may use his business name if such name does not indicate that he is in the debt collection business." Accordingly, both *Strand* and *Goswami* cannot and should not be followed by this Court because use of the phrase "**TIME SENSITIVE DOCUMENT**" in large, bolded font is the type of language prohibited by Section 1692(e)(8). *See, e.g., Adkins v. Fin. Recovery Servs.*, 2015 U.S. Dist. LEXIS 131884, *8 (N.D. Ill. Sept. 30, 2015) ("Where a disclosure on an envelope implicates such core privacy concerns . . . the statute should be applied according to its clear terms.").

MCM argues that courts should refrain from a literal construction of statutory language if it should lead to absurd results." Dkt. 20, p. 5, citing Judge St. Eve's opinion in an unrelated case, *Davis v. MRS BPO, LLC*, 2015 U.S. Dist. LEXIS 91726 (N.D. Ill.

July 15, 2015). MCM's argument leads to an absurd result in this case and will only encourage more debt collectors to take liberties with Section 1692(e)(8) by adding so-called "benign language" to the envelopes of debt collation letters. What's next? "**ACT NOW, TAKE MCM UP ON IT'S GENEROUS OFFERS!!**" Or what about "**OPEN NOW – DON'T PASS UP A GREAT OPPORTUNITY TO SAVE MONEY!!**"

As noted above, there is a purpose behind this wording, formatting and font style – *to compel debtors to pay their debts*. The letter continues this purpose – *by referring to time-sensitive settlement offers*. MCM's motion to dismiss argues that the envelope and the offers proposed in the body of the letter do not violate the FDCPA, by first arguing that the phrase "**TIME SENSITIVE DOCUMENT**" should be given a "benign" interpretation and that MCM's offers are protected by so-called "safe harbor" language. But as discussed below, MCC cannot have it both ways – by compelling debtors to open a "**TIME SENSITIVE DOCUMENT**" and then basically saying (in MCM's Motion to Dismiss) that "other offers of settlement may be made." Dkt. 20, p. 2. To recap, MCM loses on one or both arguments. The phrase "**TIME SENSITIVE DOCUMENT**" is false, deceptive and/or misleading because in MCM's words "other offers of settlement may be made."

Alternatively, by emblazoning the envelope with the phrase "**TIME SENSITIVE DOCUMENT**" in order to influence debtors to read the letter, MCM undermines its core argument that "other offers of settlement may be made." Put another way, what is so "time sensitive" about any offers which are identified on the letter if "other offers of settlement may be made."

There is a reason that the phrase "**TIME SENSITIVE DOCUMENT**" is identified in the manner that it is depicted on the envelope – and discovery will support this contention. Simply stated, MCM believes or has learned that consumers are more likely

to open and read a collection letter sent by MCM if the envelope says "**TIME SENSITIVE DOCUMENT**". The Seventh Circuit has explained why certain language in debt collection letters truly matters – in a "material" sense. According to *Boucher v. Fin. Sys. Of Green Bay*, 880 F.3d 362 (7th Cir. 2018), *individuals who are suffering from circumstances that has placed them in a position of owning money to others are influenced the language conveyed in debt collection letters*:

> The next question is whether the challenged statement is material—i.e., whether the potential imposition of "late charges and other charges" would influence an unsophisticated consumer's decision to pay the debt. The district court reasoned that, as long as the debt collector communicates that the debt is variable, the ultimate basis for an increase is immaterial. Similarly, FSGB argues that "[a]ny consumer who owes a variable debt must decide whether to pay sooner than later to avoid that variance, regardless of whether any increase in the amount of the debt is due to the addition of interest, late charges, other charges, or some combination thereof."

> We disagree. Of course, debtors always have some incentive to pay variable debts as quickly as possible, regardless of the source of variability. However, this incentive is even greater if the debt collector threatens to impose "late charges and other charges" in addition to interest. Here, the letter does not say how much the "late charges" are or what "other charges" might apply, so consumers are left to guess about the economic consequences of failing to pay immediately. But regardless of the amount of such charges, an unsophisticated consumer understands that these additional charges could further increase the amount of debt owed, thus potentially making it "more costly" for the consumer to hold off on payment. Even if these additional charges are minimal, such that they might not "alter [the consumer's] course of action," they are still material because they would be "a factor in his decision-making process."

> This is especially true for consumers who are subject to debt collection activity. We have acknowledged that "[w]hen default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." Because these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of "late charges and other charges" might influence these consumers' choices. Therefore, the challenged statement is material.

*Boucher*, 880 F.3d at 368 (citations omitted).

*Boucher* analyzed a separate issue and concluded that the subject letter violated the FDCPA (despite the use of "safe harbor language") because "the dunning letter falsely implies a possible outcome—the imposition of "late charges and other charges"—that cannot legally come to pass." *Id.* at 367, 369. The Seventh Circuit went on to conclude that a debt collector is not entitled to rely on prior "safe harbor" language where the debt collector "obscure[s] it by adding confusing other information (or misinformation) . . . under certain circumstances." *Id.* at 369. Just like in *Boucher*, MCM cannot point to Fifth and Eighth Circuit cases to argue that its use of the phrase "**TIME SENSITIVE DOCUMENT**" is lawful where Section 1692e(8) clearly prohibits any extraneous language on the envelope containing a debt collection letter. In so writing, the Seventh Circuit rejected the debt collector's reliance on prior caselaw, holding "judicial interpretations cannot override the statute itself, which clearly prohibits debt collectors from making false and misleading misrepresentations." *Id.* at 370.

Finally, *Strand* and *Goswami* are also distinguishable because MCM's name and address is listed on the envelope. Dkt. 1, para. 28 (identifying MCM in upper right corner and PO Box 340 Waite Park, MN in left corner). A Goggle search for PO Box 340 Waite Park, MN leads to several search results, one of which is Defendant and another which is "Bens Tool and Iron Works Inc." The screen capture on the following page identifies the various search results, including results for Defendant and "Bens Tool and Iron Works":



Accordingly, for the above reasons, MCM's motion to dismiss should be denied.

**B. The Use of "TIME SENSITIVE DOCUMENT" Violates Section 1692e(2)(a)**

Counts I and II allege that the phrase "**TIME SENSITIVE DOCUMENT**" violates Section 1692e(2)(a) because printing the envelope in this manner falsely represents that the "legal status" and "character" of the subject debt is time-sensitive. MCM's Motion to Dismiss only addresses whether these allegations support a violation of Section 1692f(8). Dkt. 20, pp. 4-6. In particular, the heading of MCM's Argument Section says "MCM's envelope does not violate §1692f(8)" and MCM's prayer for relief at the

10

conclusion of this argument says "[a]ccordingly, Plaintiff's §1692f(8) claim should be dismissed." *Id.* at pp. 4 and 6. Accordingly, MCM has waived any arguments as to whether the above language violates Section 1692e(2)(a). Therefore, based upon MCM's conduct, Counts I and II *survive* MCM's Motion to Dismiss and state a claim for relief pursuant to Section 1692e(2)(a).

### C. The Use of "TIME SENSITIVE DOCUMENT" Violates Section 1692e(10)

The envelope also violates Section 1692e(10) which specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt." The phrase "**TIME SENSITIVE DOCUMENT**" in large, bolded font violates Section 1692e(10) because printing the envelope to imply that the subject debt is time-sensitive is a "false representation or deceptive means to collect or attempt to collect any debt." As noted above, MCM's Motion to Dismiss only addresses whether these allegations support a violation of Section 1692f(8). Dkt. 20, pp. 4-6. Accordingly, MCM has waived any arguments as to whether the above language violates Section 1692e(10). Therefore, based upon MCM's conduct, Counts I and II survive MCM's Motion to Dismiss and state a claim for relief pursuant to Section 1692e(10).

### D. The Envelope and Letter Creates a False Sense of Urgency

Counts III, IV, V and VI focus on the wording of the July 19, 2017, collection letter. These Counts are premised upon violations of Sections 1692e(2)(a) and 1692e(10).[1] MCM's Motion to Dismiss does presumably)

As noted above, MCM's use of the phrase "**TIME SENSITIVE DOCUMENT**" in large, bolded font is intended to cause debtors to open MCM's envelope and read the contents of the letter. This language, standing alone, plausibly creates a false sense of urgency. The letter list three payment options:

---

[1] Plaintiff no longer wishes to assert a claim under Section 1692f.

>Option 1, 40% off of the balance with a payment date of August 18, 2017 (one month after the mailing date);
>
>Option 2, 20% off of the balance with payments made over six months starting on August 18, 2017 (one month after the mailing date); and
>
>Option 3, a payment of the full balance with payments of $50 per month.

MCM's letter creates a false sense of urgency because Plaintiff had a month to respond to the proposed payment options. Finally, in conjunction with the phrase cautionary language of "**TIME SENSITIVE DOCUMENT**", MCM also violated Sections 1692f of the FDCPA because this phrase only served to create a heightened sense of urgency which could not be saved by operation of MCM's use of the phrase "[w]e are not obligated to renew any offers provided."

EMC's reliance on *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007) (Dkt. 20, p. 7) is misplaced because *Evory* did not deal with the situation in hand – additional language which urged Plaintiff to "Act Now" and informed Plaintiff (falsely) that he faced "**TIME SENSITIVE**" payment options. These additional words distinguish this case from *Evory*. Further, unlike *Evory*, MCM's letter is purposefully formatted to place the safe-harbor phrase "[w]e not obligated to renew any offers provided" well away from above quoted language. Again, there is a point to almost every aspect of a collection letter. If MCM truly wanted to be safe, why not place the phrase "[w]e not obligated to renew any offers provided" directly below the "Act now" language?

Notably, as noted above, MCM's robotic reliance on "the exact safe harbor language articulated by the Seventh Circuit in *Evory*" (Dkt. 20, p. 7) is just like the "safe harbor" argument that was rejected by the Seventh Circuit in *Boucher*. See Section III-A. As previously discussed, the Seventh Circuit in *Boucher* warned that a debt collector is not entitled to rely on prior "safe harbor" language if the debt collector "obscure[s]"

the safe-harbor language "by adding confusing other information (or misinformation) . . . under certain circumstances." *Id.* at 369. Notably, *Boucher* rejected the debt collector's reliance on prior caselaw, holding "judicial interpretations cannot override the statute itself, which clearly prohibits debt collectors from making false and misleading misrepresentations." *Id.* at 370. Here, MCM cannot rely on *Evory* where it has utilized other language and formatting to modify previously discussed safe harbor language.

## IV. CONCLUSION

MCM's Motion to Dismiss should be denied. Alternatively, Plaintiff should be give leave to replead if this Court is inclined to dismiss any of the above claims. Plaintiff will replead to allege specific facts to support the contention that Defendant utilized the complained of language and formatting for the purpose of increasing collection efficiency, and that collection efficiencies improved as a result of Defendant's purposeful language and formatting choices.

Respectfully submitted,

Plaintiff NEAL PRESTON individually
and on behalf of all others similarly situated,

By: \_\_s/James Vlahakis_____
James Vlahakis (lead counsel)
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com

## Certificate of Service/Proof of Service

I, James C. Vlahakis, counsel for Plaintiffs, certify that I, or a staff member under my supervision, caused the above document to be filed on the date indicated below with the District Court's ECF filing system which will automatically serve a file stamped copy of this document on call counsel of record as of the date of this filing.

<u>Date of filing</u>:  May 25, 2018.

*/s/ James C. Vlahakis*

James C. Vlahakis
Sulaiman Law Group, Ltd
2500 South Highland Avenue #200
Lombard, IL 60148
Phone: (630) 581-5456
jvlahakis@sulaimanlaw.com
