# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NEAL PRESTON, individually and on behalf of a nationwide class of similarly situated individuals, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) No. 18 C 1532 |
| v. | )<br>) Judge Sara L. Ellis |
| MIDLAND CREDIT MANAGEMENT, INC., | )<br>) |
| Defendant. | ) |

## OPINION AND ORDER

After Defendant Midland Credit Management ("MCM") sent a debt collection letter with an allegedly time-sensitive discount offer, Plaintiff Neal Preston filed this putative class action suit against MCM claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* Preston claims that the language on the exterior of the envelope violates § 1692f(8) and that this language on its own and in combination with the letter's discount offer suggests a false sense of urgency in violation of § 1692e(2)(A), e(10), and § 1692f.[1] MCM moves to dismiss the FDCPA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court agrees that MCM's use of language on the outside of the envelope falls within the benign language exception to § 1692f(8) and so Preston's § 1692f(8) claim fails. The Court also finds that this language, alone or in combination with the discount offer, does not violate § 1692e(2)(A) or e(10) because MCM properly employed safe harbor

---

[1] In response to MCM's motion to dismiss, Preston indicates that he is no longer pursuing his claims that the discount offer, in combination with the language on the envelope, violates § 1692f. Doc. 23 at 11 n.1. The Court therefore treats these claims as withdrawn.

language approved by the Seventh Circuit in connection with its discount offer. As this disposes of the FDCPA claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the ICFA state law claim and dismisses that claim without prejudice.

**BACKGROUND**[2]

In July 2017, MCM sent Preston a debt collection letter, enclosed in an envelope with the words "TIME SENSITIVE DOCUMENT" printed on its exterior in bold font. Doc. 1 at 6. The letter contained information regarding a debt that MCM sought to collect from Preston, as well as potential discounted plans for Preston to pay off his debt if he submitted a payment by a certain date. Specifically, the letter outlined two discounted payment options, with one offering 40% off the total debt balance if Preston made one single payment by August 18, 2017, and another offering 20% off the balance if he made six monthly installment payments, with the first payment due by August 18, 2017. The letter urged Preston to "[a]ct now" to take advantage of the discounts. *Id.* at 5. At the bottom of the letter, MCM stated, "We are not obligated to renew any offers provided." *Id.*

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive

---

[2] The facts in the background section are taken from Preston's complaint and are presumed true for the purpose of resolving MCM's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

2

a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.  Violation of § 1692f(8)

First, Preston claims that the language "TIME SENSITIVE DOCUMENT" on the front of the envelope he received from MCM violates 15 U.S.C. § 1692f(8). Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," with § 1692f(8) specifically prohibiting:

> using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by the use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8). Preston claims that the mere fact that the front of the envelope has language other than MCM's name and address means that a violation of § 1692f(8) occurred.

MCM, however, argues that the Court should not mechanically apply § 1692f(8) but rather follow those courts that have carved out an exception for language that is "benign" because a literal reading of the statute would not serve the FDCPA's purposes. *See, e.g., Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 319 (8th Cir. 2004) ("Because an interpretation of § 1692f(8) exempting benign words and symbols better effectuates

3

Congressional purpose, and because a strict reading would lead to bizarre and impracticable consequences, we conclude the statute does not proscribe benign language and symbols[.]").

The Seventh Circuit has not addressed this issue, but two other circuits, along with courts in this district, have accepted such a benign language exception. For example, the Fifth Circuit concluded that the printing of the phrase "priority mail" on a debt collection envelope did not violate § 1692f(8), finding such language "innocuous" because it did not "intimate[ ] that the contents of the envelope relate to collection of delinquent debts, and thus the language is neither threatening nor embarrassing." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 494 (5th Circ. 2005). Similarly, the Eighth Circuit approved of the use of words "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED" on the outside of an envelope from a debt collector. *Strand*, 380 F.3d at 317, 319. In this district, courts have also adopted the benign language exception, considering whether the language used would appear to an unsophisticated consumer to be an effort to collect debt or otherwise invade a consumer's privacy. *See Davis v. MRS BPO, LLC*, No. 15 C 2303, 2015 WL 4326900, at *5 (N.D. Ill. July 15, 2015) ("Based on the unsophisticated consumer standard and these persuasive decisions, a strict interpretation of § 1692f(8), namely, that any markings, letters, or symbols on a debt collection envelope except the debt collector's address—no matter how benign or innocuous—violate § 1692f(8), leads to absurd and impracticable results."); *Gonzalez v. FMS Inc.*, No. 14 C 9424, 2015 WL 4100292, at *5 (N.D. Ill. July 6, 2015) (where defendant had placed a string of numbers on the envelope, reasoning that "a strict interpretation of the FDCPA is not needed to protect Plaintiff from an invasion of privacy or from unscrupulous, embarrassing, or harassing conduct by a debt collector" because "an unsophisticated consumer viewing the envelope could not plausibly divine that the letter inside was associated with a delinquent debt"); *cf. Adkins v.*

*Fin. Recovery Servs., Inc.*, No. 15-cv-887, 2015 WL 5731842, at *3 (N.D. Ill. Sept. 30, 2015) (finding that unlike language such as "priority letter," disclosing an individual's account number on an envelope of a debt collection letter violates § 1692f(8) because it "is a disclosure of a debtor's private information"). The Federal Trade Commission ("FTC"), which "holds some interpretative and enforcement authority with respect to the FDCPA," *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011), has taken a similar stance on § 1692f(8), noting that "a rigid, literal approach to [§ 1692f(8)] would lead to absurd results" and that "[t]he legislative purpose was to prohibit a debt collector from using symbols or language on envelopes that would reveal that the contents pertain to debt collection—not to totally bar the use of harmless words or symbols on an envelope." FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50099 (Dec. 13, 1988); *see also id.* at 50108 ("A debt collector does not violate this section by using an envelope printed with words or notations that do not suggest the purpose of the communication.").

The Court follows these authorities in similarly rejecting a literal interpretation of § 1692f(8). In this case, MCM's use of the phrase "TIME SENSITIVE DOCUMENT" on the envelope it sent Preston does not create any privacy concerns for Preston or expose potentially embarrassing information by giving away the fact that the letter is from a debt collector. Instead, the language is similar to the phrases "priority mail" and "immediate reply requested" found benign by other courts. *See Strand*, 380 F.3d at 319; *Goswami*, 377 F.3d at 494. The Court rejects Preston's argument that, when viewed in combination with MCM's address printed on the envelope, the language reveals that the letter comes from a debt collector. Taking Preston's argument to its logical conclusion, just the printing of the address, which an online search would reveal to be the location of a debt collector, would violate § 1692f(8), but the statute explicitly

allows this information. The addition of "TIME SENSITIVE DOCUMENT" to the envelope suggests nothing about the existence of a debt. The Court therefore concludes that MCM's use of this language on the envelope falls within the benign language exception and does not violate § 1692f(8), meaning Preston cannot state a claim for a violation of § 1692f(8).

## II.     Violation of § 1692e(2)(A) and e(10)[3]

Under 15 U.S.C. § 1692e, a debt collector violates the FDCPA by using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This section of the FDCPA specifically lists sixteen prohibited types of conduct. Preston contends that MCM violated two: (1) § 1692(e)(2)(a), which prohibits the "false representation of [ ] the character, amount or legal status of any debt;" and (2) § 1692(e)(1), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt." Preston claims that the phrase "TIME SENSITIVE DOCUMENT," on its own and when considered in combination with MCM's discount offer urging him to "act now" plus the phrase "we are not obligated to renew any offers provided" violates these sections by creating a false sense of urgency. MCM argues that it did not violate the FDCPA because the letter and envelope do not create a false sense of urgency.

To determine whether a statement is misleading or deceptive under § 1692e, the Court applies an unsophisticated consumer standard. *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA-even if it is false in some technical sense."). The unsophisticated

---

[3] In his response, Preston contends that MCM has waived any argument that the use of the phrase "TIME SENSITIVE DOCUMENT" on its own does not violate § 1692e, but the Court finds that the same reasons for dismissing the claims based on the discount program in combination with the language on the envelope apply to the language on the envelope on its own and so MCM did not waive any such arguments.

6

consumer has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* at 645 (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). Although an "unsophisticated consumer 'may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion.'" *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (quoting *Pettit*, 211 F.3d at 1060) (finding an unsophisticated consumer would interpret a request for verification of debt by a defendant to be the same as disputing debt).

Typically, determining whether a communication is misleading is a question of fact that the Court cannot determine at the motion to dismiss stage. *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999). But if the Court can determine from the face of the document in question that "not even a significant fraction of the population would be misled by it . . . the court should reject it without requiring evidence beyond the letter itself." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574–75 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted). Thus, if the statement in question is "plainly, on [its] face, [ ] not misleading or deceptive," the Court may dismiss the case based on its own determination without looking to extrinsic evidence. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009).

In addition to the requirement that a statement be misleading or deceptive, the Seventh Circuit requires that an alleged violation of § 1692e be material and as such "have [a] practical impact on a consumer's rights or decision-making process—that is, . . . represent the kind of conduct the [FDCPA] was intended to eliminate." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016). Thus, the Court asks not whether the statement is false or misleading, but whether the statement is material. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755,

7

758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.").

Preston claims that the language "TIME SENSITIVE DOCUMENT," alone or in combination with the discount offers, led him to believe that he needed to urgently respond to the letter when it was not actually time sensitive. As such, Preston claims MCM made false representations of the character and status of his debt and used false representations to collect on that debt. However, in *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit clearly established safe harbor language, which MCM employed, for the type of offer Preston received. In *Evory*, the court discussed debt collectors' common practice of sending letters to consumers that offered, for example, "a settlement of 25% OFF of your current balance. SO YOU ONLY PAY $[___] In ONE PAYMENT that must be received no later than 40 days from the date on this letter" or "TIME'S A WASTIN'! . . . Act now and receive 30% off . . . if you pay by March 31st." *Id*. at 775. Acknowledging that such offers were not improper, the court noted the concern "that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount." *Id.* The reality, however, is that debt collectors "frequently renew their offers if the consumer fails to accept the initial offer." *Id.* To address this, the Seventh Circuit created safe harbor language for debt collectors to use when sending letters like that Preston received that offer discounts: "We are not obligated to renew this offer." *Id.* at 1776. This language was intended to protect the unsophisticated consumer "against receiving a false impression of his options" and protect the debt collector from claims that its offers are misleading. *Id.*; *see also Kryluk v. Northland Grp., Inc.*, No. 14-3198, 2014 WL 6676728, at *6 (E.D. Pa. Nov. 25, 2014) (*Evory*'s safe harbor language "adequately conveys to an unsophisticated consumer that there is a renewal

8

possibility if the offer is not accepted by the consumer"). MCM used this exact wording at the bottom of its letter, offering a discount if Preston responded by a certain date and making clear that it had no obligation to renew the offer, while at the same time indicating that the possibility of renewal existed. The letter and envelope did not include any threatening language or suggest negative repercussions if Preston did not comply. Thus, having complied with *Evory*'s safe harbor language, MCM protected itself from a § 1692e claim. *See Bass v. Portfolio Recovery Assocs., LLC*, No. 17-cv-08345, 2018 WL 4005199, at *2 (N.D. Ill. Aug. 22, 2018) (claim under § 1692e failed where defendant used *Evory*'s safe harbor language); *Betz v. MRS BPO, LLC*, No. 16-C-1161, 2017 WL 1496135, at *5 (E.D. Wis. Apr. 26, 2017) (by using the *Evory* safe harbor language, "as a matter of law, MRS cannot be liable for causing a consumer to think that the initial settlement offer was the final settlement offer"); *Kryluk*, 2014 WL 6676728, at *8 (collecting cases finding no violation of the FDCPA where defendant's inclusion of a settlement offer did not imply that it was a one-time only offer and did not include any threatening or deceptive language).

But Preston argues that this language was placed too far from the remainder of the settlement offer. And he contends that the Seventh Circuit's recent decision in *Boucher v. Financial System of Green Bay* supports rejecting *Evory*, where the Seventh Circuit reiterated that a debt collector may only rely on a safe harbor where the information provided "is accurate and he does not obscure it by adding confusing other information (or misinformation)." 880 F.3d 362, 370 (7th Cir. 2018) (quoting *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000)). Here, however, MCM accurately included *Evory*'s safe harbor language and did not obscure it or add additional confusing information. Instead, its letter follows some of the examples provided in *Evory*, from the inclusion of the

"TIME SENSITIVE" language on the envelope to the instruction to "[a]ct now" and the offer of different discounts.[4] *See Evory*, 505 F.3d at 775. Ultimately, Preston has not stated a claim that the letter and envelope are misleading. Because MCM properly employed *Evory*'s safe harbor language to address any concerns raised by its discount offer and time-sensitive language, the Court finds that MCM did not violate § 1692e(2)(A) or e(10).

## III. ICFA Violation

Because the Court dismisses the FDCPA claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Preston's state law ICFA claims. *See* 28 U.S.C. § 1367(c); *Groce v. Eli Lilly & Co.*, 193 F.3d 496 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## CONCLUSION

For the foregoing reasons, the Court grants MCM's motion to dismiss [19]. The Court dismisses Preston's individual FDCPA claims (Counts I, III, V) with prejudice and his class based FDCPA claims (Counts II, IV, and VI) without prejudice. The Court dismisses the ICFA claim (Count VII) without prejudice to refiling in state court and terminates this case.

Dated: September 4, 2018

SARA L. ELLIS
United States District Judge

---

[4] The *Boucher* court did acknowledge that "judicial interpretations cannot override the statute itself," *Boucher*, 880 F.3d at 370, but Preston does not make any convincing argument that the *Evory* court's safe harbor language violates § 1692e, and the Court does not find that it does.