## James Vlahakis

**From:** Weller, Jennifer <jweller@hinshawlaw.com>
**Sent:** Friday, February 28, 2020 4:12 PM
**To:** James Vlahakis
**Cc:** Schultz, David
**Subject:** RE: Castle v. MCM, 19-cv-05855

I meant Judge Dow since he wants a more comprehensive report on Monday which I assume should be joint. Are you circulating a draft or should I?

As to Judge Alonso, the order requests a "**brief** status report." (emphasis added). To that end, we will advise that MCM is going to request that the case be reassigned as a related case pursuant to Local Rule 40.4 with Preston I or Preston II. Either Judge Ellis or Dow will decide the motion.

I just looked at the allegations and they seem to be the same as Preston.

I think we should file 1-2 sentences Plaintiff and 1-2 sentences Defendant.

Do you have something to circulate?

**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com

*Please note our new address

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Friday, February 28, 2020 3:39 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Castle v. MCM, 19-cv-05855

***** External email *****

Good afternoon Jen.

Do you mean Judge Alonso?

I think we have to report that:

a. We are going to move forward on this case before him since there is no arb agreement in play;
b. That MCM will stipulate as to the lack of an arb. agreement; and

    c. In moving forward, flag that case could end up being the lead case if MCM can truly show it has enforceable arbs in the other cases (but that's unlikely);
    d. Bottom line, no point in holding up this case from moving forward, right?

Why this approach? Because as to all the emails back and forth, it looks like we can't agree as to anything. I won't agree to any form of reassignment under your terms – maybe later after you disclose which cases are not subject to arb and we settle (individually) and then dismiss cases that are clearly subject to arb.

For call cases other than *Castle*, I think for now we have to do the following in this order:

1. As to *Ruyyashi* and *Reynolds*, MCM should produce the debt purchase agreement documents to me to allow me to review whether you have a strong argument. I mean, why waste your client's money on a motion?
2. MCM can also cite to cases supporting motions to compel arbitration that apply to the terms and conditions at issue and the same set of sold debts or the same debt purchase agreements.
3. Have MCM report back as to whether it's going to seek to arbitrate the remaining cases (other than Ruyyashi and Reynolds).
4. There's no point in amending, withdrawing or cleaning up any other pleadings until MCM can say with a straight face that it has a right to invoke arb.;
5. There's no point in talking consolidation for discovery until points 1-4 are taken care off. I don't mind handling the case before current judges while you sort through 1-4.
6. As for *Ruyyashi* and *Reynolds*, when can I expect to see the debt purchase documents?
7. Lastly, there will have to be some document drawn up that stakes out are positions relative to Mace v. Van Ru, or have stip. in place indicating that class reps. are each entitled to seek up to 500k in class recovery for each putative class action where the underlying credit cards do not overlap.

*Thoughts?*
*Areas of agreement?*

I think this approach will best serve FRCP 1.
-jcv

---

**From:** Weller, Jennifer <jweller@hinshawlaw.com>
**Sent:** Friday, February 28, 2020 3:24 PM
**To:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Castle v. MCM, 19-cv-05855

James,

We need to prepare a report for Judge Dow. First and foremost we need to advise him about reassignment.

To that end, do you agree to reassignment under Local Rule 40.4 or not?

    -it sounds like you might agree for discovery purposes. If that is your position, please state it.

    -by reassigning the cases under Local Rule 40.4 we are not agreeing to waive any arguments or defenses.

And while I said we are moving to compel arbitration in Ruyyashi and Reynolds, I did not say that MCM is not moving to arbitrate in any other cases. I said we are still looking into the issue in other cases.

**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com

*Please note our new address

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Friday, February 28, 2020 12:33 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Castle v. MCM, 19-cv-05855

***** External email *****

Jen, I feel like I'm in Ground Hog Day.

1. You have offered no detail as to what you mean relative to the scope and purpose of "consolidation". I saw the approach Hinshaw took in *Pierre*, claiming a class could not be certified by pulling terms and conditions off of the internet, claiming that disputes over the application of numerous arbitration clauses would run contrary to FRCP 23(a) and b(3).
2. I'm not throwing stuff at a wall to "see what sticks" as David appears to suggest, as I've tried to focus in on the particular terms and conditions AND underlying debt purchase agreements with each of the narrowed class definitions.
3. Accordingly, before I will discuss consolidation with you I would like the following:
   a. The production of the arbitration agreements (something you should have had in your possession months ago);
   b. all of the relevant debt purchase agreement documents governing the sale of the subject debts (something you should have had in your possession months ago);
   c. cases directly on point where MCM has won arbitration based upon the production of (a) and (b) to a district court.
4. **Before going down this road of discussing consolidation, we will expect MCM to stipulate that consolidation is *for the limited purpose of conducting discovery*.** MCM should agree to enter into a stipulation to disclaim its attempts to avoid to get around *Mace v. Van Ru*. A stipulation is necessary because it's clear that you're going to try to push for a single 500k cap like you tried in *Pierre*. You are free to disavow the approach Hinshaw took in *Pierre* in a reply to this email. We can then file a stipulation.
5. Before going down this road of discussing consolidation, **what's your position on class certification?** For example with Ms. Castle, there's no arbitration agreement, so what's to hold up agreeing to certify that class and set the matter for a trial on damages?
6. **As for *Morgan*, what's your approach to consolidation?** To me it does not make sense to pull a case out of Indiana.
7. You're missing a recent SD of IL filing that Holland and Knight has.
8. We do not need to "clean up" the definitions by the filing of an amended pleading. I can send you cases in case you're not aware of the law on this issue.

9. And we don't need to "clean up" the complaints by filing amended complaints where we can stipulate and/or voluntarily dismiss certain claims by way of FRCP 41. Having said that, you're running the risk of us amending the complaints to assert new violations.
10. Lastly, by saying you plan on moving to arbitrate in *Reynolds* (Ellis) and *Ruyyashi* (Gettleman), does that mean that there is:
    (a) no arbitration agreement as to the below cases*, or
    (b) MCM didn't obtain the right to arbitrate when it purchased the debts.

    *The other cases where it appears that MCM is not moving to arbitrate are:

    i. Preston I (Ellis),
    ii. Preston II (Dow),
    iii. Preston III (Dow),
    iv. Jennifer Giuliano (Bucklo),
    v. Jennifer Giuliano II (Tharp) [you may not be aware of this one],
    vi. Claudio Giuliano I (Lee),
    vii. Claudio Giuliano II (Norgle),
    viii. Claudio Giuliano III (Guzman),
    ix. Castle (Alonso),
    x. Nash (Dow),
    xi. Morgan (S.D. Ind.),
    xii. Meyer (S.D. Ill.).

11. Again, as to the above cases, MCM will need to stipulation that it's not going to arbitrate. I do not want have anyone go "gotcha" at a later date.
12. Lastly, as to you indicating that you intend to move to arbitrate in *Reynolds* (Ellis) and *Ruyyashi* (Gettleman), please do more than just send me the terms and conditions. Every judge who has made a substantive decision for or against arbitration has relied on the debt purchase agreements and the key language in them. And to that end, I am aware of the fact that in recent cases it appears that MCM has created a better mouse trap by having language in the debt purchase agreements which say that it is buying the right to enforce arbitration. That's a smart move and makes our jobs that much easier.

-James

---

**From:** Weller, Jennifer <jweller@hinshawlaw.com>
**Sent:** Friday, February 28, 2020 11:55 AM
**To:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Castle v. MCM, 19-cv-05855

James, we need to file a status report before Judge Dow on Monday stating "any agreement or disagreements on how to proceed." To that end, see below and advise of your responses.

The defense positions:

1. We propose reassigning the cases to Judge Dow under Local Rule 40.4. Judge Ellis has the first filed case (Preston I) and normally would have the motion. However, Judge Dow has the most cases (3) and has volunteered to hear the motion. We thus are agreeable to reassigning the cases to Judge Dow. We also are agreeable to Judge Ellis.

   The cases are Preston I (Ellis), Preston II & III (Dow), Jennifer Giuliano (Bucklo), Claudio Giuliano (Lee, Norgle and latest filed Guzman), Castle (Alonso), Nash (Dow), Reynolds (Ellis) and Ruyyashi (Gettleman)

    We also propose consolidating the Morgan case in S.D. IN.

2. We plan to move to compel arbitration for 2 to 4 of the plaintiffs and are still considering our arbitration options.

We will definitely be filing in Ruyyashi and Reynolds. We will provide the arbitration language shortly.

3. If reassigned, MCM proposes that Plaintiffs file a consolidated complaint to eliminate those claims disposed of by the Preston appeal and to clean up the class definitions.

4. Set a deadline 30 days from filing of Consolidated Complaint for MCM's response. We believe the response deadlines should be coordinated to keep all cases on the same schedule.

Jennifer Weller
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com

*Please note our new address

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Friday, February 28, 2020 10:12 AM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** Re: Castle v. MCM, 19-cv-05855

***** External email *****

Hello

I will respond to your most recent email first, which will address the vague nature of your prior email.

But for now, what do you mean by a "request"? Do you me an formal motion? And what are your intentions for the reassignment? We are opposed to consolidation of the kind Midland proposed in *Pierre*. *Mace v. Van Ru* is the law of the land.

If you move or request to reassign, what's your response to every ND of IL law for failing to identify whether Midland has an enforceable arb agreement? And by saying "enforceable arb agreement" we mean the following:

meaning:

(a) there is an underlying arbitration agreement (at the time prior to default);

(b) the credit furnisher's terms and conditions are favorable to Midland relative to the right to invoke arbitration ;

    (c) and the debt purchase agreement docs [sent to me for "attorney's eyes only" review*] clearly convey the right to invoke arbitration; and

    (d) you've got a case on point - because I'd like to think you have found or litigated cases on all fours. FWIW, I've read a tremendous about of cases. Midland wins some and losses some.

Unlike Hinshaw's stubborn defensive posture, other firms quote arb language in their affirmative defenses or send me the underlying documents, including debt purchase documents. All that shows due diligence, efficiency and conformance with FRCP 1.

As of now, you've just basically said the following to me (1) MCM don't have to tell you about arbitration (unless we are ordered to do so) and (2) MCM/Hinshaw is going to make all the suggestions to how these cases will be managed.

Sorry, that's not how this should work, it's two way street.

What are your thoughts?

James


**James C. Vlahakis**
Senior Counsel
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181 x 115
Direct:  (630) 581-5456
Fax (630) 575 - 8188
Firm Website:  Atlasconsumerlaw.com
Email: jvlahakis@sulaimanlaw.com


    On Feb 28, 2020, at 9:57 AM, Weller, Jennifer <jweller@hinshawlaw.com> wrote:


    James,
    We intend to request reassignment of this case to Judge Dow (if he will take it) or Judge Ellis (as oldest
    filed case) and intend to report that to Judge Alonso.
    Please advise if you oppose or are in agreement on the reassignment.


    **Jennifer Weller**
    Hinshaw & Culbertson LLP
    151 North Franklin Street, Suite 2500, Chicago, IL, 60606
    Tel: 312-704-3025 | Fax: 312-704-3001
    jweller@hinshawlaw.com | hinshawlaw.com

<image001.jpg>
*Please note our new address

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Wednesday, February 26, 2020 2:38 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Castle v. MCM, 19-cv-05855

***** External email *****

Yes, I just realized that scrolling thru emails in other cases.

Will you have a count of offending "**TIME SENSITIVE DOCUMENT**" envelopes in advance of the court hearing to allow us to report that to the court in the status report.

---

**From:** Weller, Jennifer <jweller@hinshawlaw.com>
**Sent:** Wednesday, February 26, 2020 2:33 PM
**To:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Castle v. MCM, 19-cv-05855

James,
We have advised you that there is not an arbitration clause in the Castle agreement.
See my 2-13-20 email.

**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com
<image001.jpg>
*Please note our new address

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Wednesday, February 26, 2020 2:19 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Subject:** RE: Castle v. MCM, 19-cv-05855

***** External email *****

Hello Jen.

I'm following up on the below email. If you decline to respond, I will state my position to the court. Simply stated, that I proposed to create a streamlined approach to deciding the issue of arbitration, but that you rejected my proposed approach.

Please note, that it will be my position that other counsel defending MCM in other venues have quoted arbitration language in their answers, or have provided it to me pre-answer, along with necessary language from debt purchase agreements.

-Thank you in advance, James

---

**From:** James Vlahakis
**Sent:** Friday, February 14, 2020 11:58 AM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** Re: Castle

Thank you.

As you know, in almost all of our cases, I explained to you my desire to get to issue as quickly as possible as to whether there was an arbitration clause. As a heads up, I will be filing a motion for direction from our various courts similar to the relief I asked for orally before Judge Alonso did.

1. If you'd like to circumvent that process in each by telling me that you do or do it have an arbitration clause, that would promote judicial efficiency, consistent with FRCP 1.

2. Also with regard to our first case before Judge Dow you had indicated that you would provide me with a letter. That was not done. Please advice.

3. Would you be willing to do the same in the case before Judge Ellis?

The above 3 items will aid the parties in advance of the drafting of the status reports consistent with FRCP 1.

Thanks

**James C. Vlahakis**
Senior Counsel
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181 x 115
Direct:  (630) 581-5456
Fax (630) 575 - 8188
Firm Website:  Atlasconsumerlaw.com
Email: jvlahakis@sulaimanlaw.com

On Feb 13, 2020, at 10:35 AM, Weller, Jennifer <jweller@hinshawlaw.com> wrote:

Per Judge Alonso's order, there is no arbitration clause in the Capital One Customer Agreement for Plaintiff's Dress Barn account.

**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com
<image001.jpg>

*Please note our new address

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s)

named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.