**James Vlahakis**

| | |
|---|---|
| **From:** | James Vlahakis |
| **Sent:** | Friday, October 25, 2019 5:16 PM |
| **To:** | Schultz, David |
| **Cc:** | Weller, Jennifer |
| **Subject:** | Re: Ruyyashi v. Midland |

Good evening David,

I hope all is well. I don't think either of you read my email correctly. I've been down this road enough times with defense counsel. All I'm saying is please put a minimal amount of work relative to gathering the debt sale/purchase agreements during this short period of time that this case will be stayed. You will save your client a lot of money if you did, rather than take approach (a), which would involve you emailing me the terms and conditions (at some point in time) and saying "MCM 'steps into the shoes of the creditor' and invokes arbitration".  Approach (a) is a lazy approach, and if you submitted an affidavit in support and a full blown memorandum of law with making that base argument, it would get rightly denied. We all know you're required to do more than that.

Approach (b) would be would involve you emailing me the debt purchase agreement in combination with the application in terms and conditions. If the debt purchase/sale
 documents clearly convey the right to enforce arbitration, it would save your client money to take this approach.  Put another way, if you lose at the circuit court level, on 1692f(8) or what you termed at oral argument a "visual overshadowing" claim relative to placing the safe harbor language just above the "pay stub" in accordance with your reading of the CFPB's Notice of Proposed Rule Making, wouldn't it advance MCM's position to let us know whether there is an arguably enforceable arbitration clause?

Approach (c) would involve you asking MCM for the terms and conditions and if there is no arb agreement to cover this case, that would be helpful for all of us to know.

Jennifer has learned well to rely on my long advocated fallback position of citing to FRCP 1. It also applies to support my approach above and below. And while we have agreed to stay the case, we don't necessarily have to agree to stick our heads in the sand and not ask around and see if this case contains an arbitration clause worth fighting over or none at all.

We both know the cases where Midland has won and lost motions to compel arbitration. Where this particular creditor may stand against this body of law is currently unknown.

Long story short, it would behoove your client for all of us to learn whether this creditor has enforceable arbitration clause. I
Can't force you to do anything you don't want to do, but if the the circuit court reverses the District Court, I will hit the ground running on all of these cases.

Have a nice weekend,

James

**James C. Vlahakis**
Senior Counsel
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue

Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181 x 115
Direct:  (630) 581-5456
Fax (630) 575 - 8188
Firm Website:  Atlasconsumerlaw.com
Email: jvlahakis@sulaimanlaw.com


On Oct 25, 2019, at 4:52 PM, Schultz, David <dschultz@hinshawlaw.com> wrote:


Perhaps some day you can explain to us and the court how you and your clients agreed to a stay and then claimed somehow that despite the agreed stay the parties should litigate the arbitration right and failing to do so would somehow act as a waiver.

**David Schultz**
Capital Partner
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL 60606
Tel: 312-704-3527 | Fax: 312-704-3001
dschultz@hinshawlaw.com | hinshawlaw.com | vCard


<image002.jpg>


ACA Int'l's 2017 Judicial Advocacy Award Recipient

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Friday, October 25, 2019 1:40 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Ruyyashi v. Midland

**\*\*\* External email \*\*\***

Hello

I respectfully disagree.  If there's an enforceable arb agreement by and through the terms of debt purchase agreements, it should be in your hands by now.

Having said that, this is all hypothetical back and forth positioning until the court rules.  Have a good day.

-JCV

---

**From:** Weller, Jennifer <jweller@hinshawlaw.com>
**Sent:** Friday, October 25, 2019 1:17 PM
**To:** James Vlahakis <jvlahakis@sulaimanlaw.com>

**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Ruyyashi v. Midland

Hi
In response to your below email MCM reserves and does not waive any rights it has to compel arbitration.
These matters are stayed by agreement and for purposes of judicial economy.
It does not make sense for us to file motions to compel arbitration while the cases are stayed. FRCP 1.
Your claim that we should invoke arbitration ASAP is inconsistent with your agreement to stay these cases.
After all if Preston is affirmed it will change which claims are still viable, if any, in these matters.
If Preston is reversed the cases will pick up where we left off prior to the filing of the motions to stay.


**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com

<image004.jpg>

*Please note our new address

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Monday, October 14, 2019 12:31 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Subject:** Re: Ruyyashi v. Midland


**\*\*\* External email \*\*\***

Fine with me. Since each case relates to different form letter which may also violate the FDCPA independently or in conjunction with the corresponding envelopes, you may want to ask MCM to provide you with authority to make settlement offers. If the 7th circuit reverses Judge Ellis it may prove difficult for us to settle.   Further notwithstanding the stays in place or soon to be ordered, we expect MCM to promptly invoke arbitration ASAP. Put another way, from our clients point of view, the clock has been and is still running for MCM to invoke arbitration.

Thanks.

**James C. Vlahakis**
Senior Counsel
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181 x 115
Direct:  (630) 581-5456

Fax (630) 575 - 8188
Firm Website:  Atlasconsumerlaw.com
Email:  jvlahakis@sulaimanlaw.com

On Oct 14, 2019, at 1:22 PM, Weller, Jennifer <jweller@hinshawlaw.com> wrote:

Hi
We were retained on this one. Since it also has Preston claims I have prepared a joint motion to stay.
Let me know if you agree to the attached motion and we will get it on file.
I am thinking NOM for 10-22 at 9:15

**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com
<image001.jpg>

*Please note our new address

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.
<Buthaina Ruyyashi Joint Motion to Stay Case_Pleading.DOCX>

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please

immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.


Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.