# James Vlahakis

| | |
|---|---|
| **From:** | James Vlahakis |
| **Sent:** | Tuesday, March 31, 2020 1:01 PM |
| **To:** | Weller, Jennifer |
| **Cc:** | Schultz, David |
| **Subject:** | RE: Preston v. Midland Credit Management, Inc. 18-cv-1532 |

Jen

I disagree that the emails are "harassing". Please do not lump non-substantive emails together to try to prove a misguided point. Plaintiffs deserve real answers.

1. Further, we believe its vexatious for MCM to play games with purported arbitration agreements where certain cases were filed years ago (Preston II and III).
2. Are you saying that you can't obtain the cardholder agreements from MCM because of the pandemic? *Please explain your position.*
3. Are you saying that you can't obtain the cardholder agreements from the original creditors because of the pandemic? *Please explain your position.*
4. Are you taking the position that you have no other cardholder agreements in your hands other than for *Preston I*, *Ruyyashi* and *Reynolds*?
5. You already know that we will not agree to arbitrate *Ruyyashi* because of the Utah choice of law provision and how MCM lost this issue in the *Ramirez* case.
6. I was clear with you relative to *Reynolds*. Does MCM have any law on point that shows that it is entitled to enforce arbitration as a servicer under Nevada law?
7. I've tried to look up case and have not seen a favorable decision for MCM.
8. As I've said before, show us a case that show MCM willing a motion to compel arbitration with the subject cardholder agreement under Nevada law and we would likely agree to arbitrate rather than having you churn the file and bill your client to prepare a full blow motion.
9. Having said that, if MCM doesn't care about wasteful spending, that's its point of view.
10. I'm trying to save the court's time and to be clear, I think our position is sound position given what's going on in the world.
11. I'm not sure how your cryptic reference to *Morgan* has anything to do with this email chain, but I will walk away from this exchange knowing that you are refusing to produce any additional cardholder agreements to us. Whether we move to compel in accordance with FRCP 1 is something we will debate further.

-Have a nice day,

JCV

**From:** Weller, Jennifer <jweller@hinshawlaw.com>
**Sent:** Tuesday, March 31, 2020 12:41 PM
**To:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Preston v. Midland Credit Management, Inc. 18-cv-1532

James,
I have 54 emails from you since February 14. Please stop. It is harassing. We've made clear we won't litigate over email.

There is an international health crisis impacting many things and our client and the creditors are swamped. We can't continue to address these emails in which you repeat the same positions and arguments.

You've said you need the agreements. Yet you haven't agreed to arbitrate any case. *See* Ruyyashi, Reynolds.

We've advised you of the cases where we intend to arbitrate as directed by Judge Ellis. You've made your record that you don't agree to arbitrate (see Morgan).

We will comply with the court's schedules and orders and will address these arguments at the appropriate time.

**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com



*Please note our new address

---

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Monday, March 30, 2020 4:41 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Preston v. Midland Credit Management, Inc. 18-cv-1532

*** External email ***

Jen

For the third or fourth time. I'm invoking FRCP 1 to SAVE YOUR CLIENT time and money, and the Court's time as well. I do not understands why you can't share the cardholder agreements to allow me to compare them with what I've found. I have agreements that contain UTAH choice of law. Under Ramirez, MCM has already lost this argument. IF MCM is going to rely on different cardholder agreements, with DIFFERENT choice of law provisions, please send them to me. As I said to Judge Ellis and other judges, if you have a good cardholder agreement and a good case to support your position, I will agree to arbitration on those claims. You're free to churn the file for billing purposes, but please don't waste my time or the court's time.

Of course I understand the deadlines are impacting everyone (I'll get you the proposed Morgan filing in a moment), but again, if you have a good cardholder agreement where MCM won a motion to compel where the motion was supported by a proper declaration and a bill of sale the conferred the right to arb. to MCM, by all means, send me the cardholder agreement, prior affidavit, bill of case and the case where MCM won. I do not understand why you're making so much busy work for yourself. Given your approach, I'm going to ask you to give me times over the next two days to allow us to hash out over the phone why you won't provide me with the cardholder agreements before I ask Judge Ellis and other judges to assist. Simply stated, I'm offering to avoid busy work for the original creditors in a very trying time. And to be clear. I don't want to see MCM to avoid the point I was making in my objection to reassignment, which is that MCM looks like it's trying to pull a fast one with Judge Ellis by suggesting that almost all of the cases will be subject to arbitration, when we know from *Ramirez* that is not the case. Simply stated, my willingness to compromise and help MCM and the original creditors is a two way street. I'm trying to avoid "busy work." If you ignore my good faith offer – made on the record before Judge Ellis and other judges, I won't be inclined to accept your position once you file motions

2

to compel. I have a right to contest what you file and where necessary I will do so. If push comes to shove, I'm more than happy to let the original creditors know that I have offered to save them money. And to be clear, if you file full-blown motions to compel with supporting affidavits, I will expect that you will provide me with deposition dates for the MCM employees or agents that sign off on the declarations and reserved deposition dates for the affiants for the original creditors. Of course, I'm more than happy to do Skype or internet based depositions.

I hope that MCM has had time to consider a settlement proposal for the outstanding offers I have made. MCM can also provide for a global resolution of all ND of IL cases. Have a nice day,

-James

**From:** Weller, Jennifer <jweller@hinshawlaw.com>
**Sent:** Monday, March 30, 2020 4:24 PM
**To:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Cc:** Schultz, David <dschultz@hinshawlaw.com>
**Subject:** RE: Preston v. Midland Credit Management, Inc. 18-cv-1532

James,
We will file the relevant documents with the motions to compel arbitration.
The national emergency has caused some delays with the financial institutions. We are doing our best to meet the court deadlines in place in these matters.

**Jennifer Weller**
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500, Chicago, IL, 60606
Tel: 312-704-3025 | Fax: 312-704-3001
jweller@hinshawlaw.com | hinshawlaw.com



*Please note our new address

**From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
**Sent:** Friday, March 27, 2020 3:39 PM
**To:** Weller, Jennifer <jweller@hinshawlaw.com>
**Cc:** Rhonda_Johnson@ilnd.uscourts.gov; proposed_order_kim@ilnd.uscourts.gov; Schultz, David <dschultz@hinshawlaw.com>
**Subject:** Re: Preston v. Midland Credit Management, Inc. 18-cv-1532

**\*\*\* External email \*\*\***

Thank you Jennifer,

**Jennifer**, by the COB on Monday please provide me with all of the arbitration agreements that issue. Of the 12 cases, have only sent me arbitration agreements for plaintiffs Reynolds, 19-cv-7188, Ruyyashi, 19-cv-6210, and Preston, 18-cv-1532 (with Mr. Preston you are declining to move to compel arbitration).

**Ms. Johnson**, with the briefing schedule being extended as Ms. Weller has notes below, the parties understand that the April 4th in-court status will be stricken and that a new date will likely be provided. I am more than happy to appear telephonically if Judge Ellis has any questions regarding the recent filings.

3

Further, while I recognize that defendant does not agree to have the cases referred to Magistrate Judge Kim, we believe that Judge Ellis should issue a referral over defendant's below stated objection.

Thank you. May all of you stay safe and healthy.

*James Vlahakis*

**James C. Vlahakis**
Senior Counsel
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181 x 115
Direct: (630) 581-5456
Fax (630) 575 - 8188
Firm Website:  Atlasconsumerlaw.com
Email: jvlahakis@sulaimanlaw.com

> On Mar 27, 2020, at 3:25 PM, Weller, Jennifer <jweller@hinshawlaw.com> wrote:
>
> Dear Ms. Johnson,
>
> We are sorry to bother you with email during this time, however, we felt that Defendant needed to respond to the below email.
> We will file our reply brief on behalf of Defendant's Motion to Reassign (Dkt #35,36) per the briefing schedule in place and as extended by Amended General Order 20-0012 but we do not agree to have the matter referred now to the Magistrate Judge for a settlement conference.
>
> Thank you,
> Jennifer Weller (counsel for Defendant)
>
> **Jennifer Weller**
> Hinshaw & Culbertson LLP
> 151 North Franklin Street, Suite 2500, Chicago, IL, 60606
> Tel: 312-704-3025 | Fax: 312-704-3001
> jweller@hinshawlaw.com | hinshawlaw.com
> <image001.jpg>
>
> *Please note our new address
>
> ---
>
> **From:** James Vlahakis <jvlahakis@sulaimanlaw.com>
> **Sent:** Thursday, March 26, 2020 12:57 AM
> **To:** Rhonda_Johnson@ilnd.uscourts.gov
> **Cc:** proposed_order_kim@ilnd.uscourts.gov; Schultz, David <dschultz@hinshawlaw.com>; Weller,

Jennifer <jweller@hinshawlaw.com>
**Subject:** Preston v. Midland Credit Management, Inc. 18-cv-1532


**\*\*\* External email \*\*\***

Hello Rhonda

I hope you and your loved ones are healthy and safe.

Attached please find Plaintiff's combined (a) Response in Opposition to Defendant's motion to reassign (Dkts. 35-36) and (b) Motion For Referral of the pending cases to Magistrate Judge Kim for the purpose of holding a  settlement conference.  In light of the Corona Virus, and General Order 20-112, I am asking for your guidance relative to whether I should notice this motion up for April 6, or another date.  Alternatively, our approach would be for the court to rule on our Motion and assign this case to be heard by Magistrate Judge Kim for a telephonic status to allow the parties to discuss settlement generally and to set a future settlement conference.  Of course, it is possible that Defendant will object to Mr. Preston asking Judge Ellis to set a settlement conference with Magistrate Judge Kim.

I apologize for the late night email, but my office is closed and I'm trying to make the best of my time working at home!

Thank you.

**James C. Vlahakis**
Senior Counsel
Atlas Consumer Law – a division of Sulaiman Law Group, Ltd.
2500 Highland Avenue Suite 200
Lombard, IL 60148
Phone 630-575-8181  x 115
Direct:  630-581-5456
Fax 630-575-8188
Firm Website:  Atlasconsumerlaw.com
Email: jvlahakis@sulaimanlaw.com



Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed

by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.